IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| BAYARD SALES CORPORATION, | Case No. 12-16339 (ELF) |
| Debtor. | Hearing Date: 5/8/13 at 10:00 a.m. |
| | Objection Deadline: 4/24/13 |

### CHAPTER 7 TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. § 502(b), FED. R. BANK. P. 3007 AND LOCAL BANKRUPTCY RULE 3007-1

Lynn E. Feldman, Chapter 7 Trustee for the bankruptcy estate of Bayard Sales Corporation (the "Trustee"), by and through her undersigned counsel, hereby files this First Omnibus Objection to Claims Pursuant to 11 U.S.C. §§ 502(b) and 502(d), Fed. R. Bank. P. 3007 and Local Bankruptcy Rule 3007-1 (the "Objection") pursuant to which the Trustee requests that the Court enter an Order (i) disallowing and/or expunging the claims asserted by the Claimants listed on the Exhibit hereto (and for the reasons set forth herein); and (ii) granting related relief. In support of this Objection, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

## Background

5. On July 2, 2012 (the "Petition Date"), Bayard filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

6. On July 3, 2012 (the "Appointment Date"), the Chapter 7 Trustee was appointed as Chapter 7 Trustee for Bayard and its estate.

7. Subsequent to the Appointment Date, the Debtor filed its Schedules wherein it listed its creditors and the amounts due and owing such creditors, including some claims that are the subject of this Objection.

8. In addition to the filing of the Schedules, the Trustee, on October 11, 2012, filed and served a *Notice of Need to File Proof of Claim Due to Recovery of Assets*, setting January 13, 2013 as the last day for the filing of proofs of claim in the Bankruptcy Case (the "Bar Date").

9. Prior to the Bar Date, approximately sixty-three proofs of claim were filed against the Debtor and its estate, including some proofs of claim that are the subject of this Objection.

10. Subsequent to the Petition Date, in the pursuit of her fiduciary duties to the Estate, the Trustee made written demand pursuant to Bankruptcy Code § 542 against certain third parties who owed money to the Debtor and its Estate.

DM3\2485062.1

11.     Despite the Trustee's demands for repayment, many of these third parties, some of which are creditors of this estate, have failed and refused to satisfy their outstanding obligations due and owing the Debtor's estate.

### Relief Requested

12.     By this Objection, the Trustee seeks entry of an Order pursuant to Sections 502(b) and 502(d) of the Bankruptcy Code, Rules 3001 and 3007 of the Bankruptcy Rules and Rule 3007-1 of the Local Rules to disallow and/or expunge the claims identified on the Exhibit to this Objection (the "Disputed Claims").

**A.     Claims To Be Disallowed Pursuant To 11 U.S.C. § 502(d)**

13.     Section 502(d) provides that:

> the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550 or 553 of this title.

11 U.S.C. § 502(d).

14.     The Trustee has reviewed the Debtor's Books and Records and has determined that each of the holders of the Disputed Claims set forth on **Exhibit "A"** (collectively, the "502(d) Claimholders") hold property recoverable pursuant to § 542 of the Bankruptcy Code.

15.     As the 502(d) Claimholders currently hold property of the Debtor's estate and have failed and refused to turnover such property to the Trustee (despite her prior demands), the Trustee objects to the claims of these claimants pursuant to Bankruptcy Code § 502(d) to prohibit distributions to these 502(d) Claimholders.

16.     The Trustee seeks such relief as any distributions to the 502(d) Claimholders would be inequitable and contrary to the Bankruptcy Code and applicable law. *See In re*

*Oxford Royal Mushroom Prods., Inc.*, 59 B.R. 926, 927 (Bankr. E.D. Pa. 1986) ("Under § 502(d) the bankruptcy court may disallow a claim if the claimant has failed to pay money it owes the estate or turn over property of the estate. This provision is based on the policy that a creditor who fails to turn over to estate any money or property it owes to the estate, will not be entitled to share in the proceeds of the estate.").

17.    The Trustee objects to each of the 502(d) Claims and requests the entry of an order disallowing and/or expunging each the 502(d) Claims.

### Basis for Relief

16.    Section 502(b) of the Bankruptcy Code provides, in relevant part:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . .
>
> such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

11 U.S.C. § 502(b)(1).

17.    Pursuant to § 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Court should disallow and/or expunge the Disputed Claims set forth on Exhibit A hereto as specifically set forth herein.

**C.    Separate Contested Matters**

18.    To the extent that a response is filed regarding any Disputed Claim listed in this Objection and the Trustee and claimant are unable to resolve the response, each Disputed Claim and the response to such Disputed Claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. In addition, any order entered by the Court regarding

any objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

19. To contest a claim objection contained in this Objection, a claimant or a claimant's lawyer must attend the hearing on the Objection, which hearing is scheduled to be held on May 8, 2013 at 10:00 a.m. (prevailing Eastern Time) before the Honorable Eric L. Frank in Courtroom 1, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107.

### Adjournment of Hearing

25. The Trustee reserves the right to seek an adjournment of the Hearing on any Response to the Objection with respect to one or more Disputed Claims that are the subject of this Objection.

### Reservation of Rights

26. The Trustee expressly reserves the right to amend, modify or supplement this Objection and to file additional objections to any other claims (filed or not) that have been or may be asserted against the Debtor's estate. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves its rights to assert any other grounds for objection that bankruptcy and/or non-bankruptcy law may permit.

### Notice

27. The Trustee has provided notice of this Objection to: (a) each of the claimants and/or their counsel; (b) the Office of the United States Trustee; and (c) all those parties that have requested notice pursuant to Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested, the Trustee submits that no further notice is required or needed under the circumstances.

## No Prior Application

28. No prior application for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form annexed hereto as Exhibit "B", and grant such other and further relief as this Court deems just and appropriate.

Dated: March 27, 2013

Respectfully submitted,

DUANE MORRIS LLP

By: _/s/ Lawrence J. Kotler_
Lawrence J. Kotler, Esquire (56029)
Catherine E. Beideman (205597)
30 South 17th Street
Philadelphia, PA 19103
215.979.1000

*Attorneys for Movant,*
*Lynn E. Feldman, Chapter 7 Trustee*